PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES VARHOLICK aka JAMES VARHOLIC,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MARION CORRECTIONAL INSTITUTION,<br><br>Respondent. | ) | CASE NO. 1:12CV0033<br><br>JUDGE BENITA Y. PEARSON<br><br>**MEMORANDUM OF OPINION AND ORDER**<br>[Resolving ECF No. 7] |

Petitioner James Varholick aka James Varholic, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging two (2) grounds for relief which challenge the constitutional sufficiency of his conviction and sentence in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-06-485615-A. The above-entitled action was assigned to Magistrate Judge William H. Baughman, Jr. On January 20, 2012, the case was reassigned from Magistrate Judge Baughman to Magistrate Judge Kathleen B. Burke pursuant to General Order 2012-3. Thereafter, the case was referred to Magistrate Judge Burke for a Report and Recommendation. The magistrate judge subsequently issued a Report and Recommendation (ECF No. 6). In her Report, the magistrate judge recommends that the petition be denied as time-barred and Petitioner's request for an evidentiary hearing be denied as moot. Petitioner filed Objections to the magistrate judge's Report (ECF No.

7). This Court, after reviewing the objections, hereby adopts the Report; but for a calculation of the statute of limitations different than that stated by the magistrate judge.

**I. Facts**

On appeal from the trial court's denial of his motion to return forfeited property, the Ohio Eighth District Court of Appeals the Ohio Court of Appeals recently described the factual background of Varholick's trial, conviction, and sentencing as follows:

> {¶ 2} On August 30, 2006, Varholic was indicted on two counts in Case No. CR-06-485615-A. Count 1 charged him with driving under the influence of alcohol, with furthermore clauses alleging that he had been convicted of driving under the influence of alcohol in July 2003, October 2003, November 2003, and February 2005, and an additional furthermore clause alleging that he refused to submit to a breathalyzer test. Count 2 charged him with possession of drugs, to wit: Boldenone and/or Duratest, anabolic steroids.
>
> {¶ 3} The matter proceeded to trial on January 5, 2007. On January [18], 2007, the court found Varholic guilty of Count 1, driving under the influence of alcohol, a fourth-degree felony, and the furthermore specification that he refused the breathalyzer test. On Count 2, he was found not guilty of drug possession. The trial court ordered a presentence investigation report and the matter was set for sentencing on February 23, 2007. On February 20, 2007, the state filed a petition for forfeiture of seized contraband in order to obtain Varholic's 2002 Ford F-150 truck.
>
> {¶ 4} At the sentencing hearing, the trial court sentenced Varholic to 30 months of imprisonment, three years of postrelease control sanctions, suspended his driver's license, and noted that the sentence was stayed pending appeal. The trial court also granted the state's motion for forfeiture of the 2002 Ford F-150 truck. Varholic appealed to this court, challenging the evidence supporting the conviction and the furthermore clauses. This court affirmed the conviction in *State v. Varholic*, 8th Dist. Cuyahoga No. 89627, 2008-Ohio-962 ("*Varholic I*").
>
> {¶ 5} Then, on January 9, 2009, the trial court held a resentencing hearing, sentencing Varholic to 60 days in jail, 24 months of community control sanctions with regular supervision, and also ordered him to attend alcohol counseling

> meetings. The sentence further provided that if Varholic violated the terms of community control, he would be sentenced to 30 months of imprisonment. In addition, the trial court issued an order of forfeiture for the 2002 Ford F-150 truck on March 6, 2009.
>
> * * *
>
> {¶ 7} . . .[O]n July [28], 2009, Varholic was sentenced to 30 months in prison for violating the terms of community control he received in Case No. CR-06-485615-A. *See State v. Varholick* [sic], 8th Dist. Cuyahoga No. 94187, 2010-Ohio-5132 ("*Varholic II*").
>
> {¶ 8} On April 22, 2010, Varholic filed a pro se motion to correct improper sentence. This motion did not challenge the forfeiture of the 2002 Ford F-150 truck. The trial court denied the motion and this court affirmed. *State v. Varholick* [sic], 8th Dist. Cuyahoga No. 96464, 2011-Ohio-5277 ("*Varholic III*"). . . .

*State v. Varholic*, No. 101524, 2015 WL 114742, at *1-2 (Ohio App. 8th Dist. Jan. 8, 2015) (footnote omitted).

Petitioner did not appeal from the January 9, 2009 Resentencing Journal Entry. *See* Docket (ECF No. 4-3).

On or about December 26, 2011, Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).[1] It was received by the Court on January 5, 2012. The Petition challenges

---

[1] Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his petition on December 26, 2011. The petition states it was placed in the prison mailing system on December 27, 2011. ECF No. 1 at PageID #: 15. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir.

(continued...)

the Judgments of January 18, 2007 (the Guilty Verdict Journal Entry (ECF No. 4-4)) and January 9, 2009 (the Resentencing Journal Entry (ECF No. 4-6)). ECF No. 1 at Page ID #1, ¶¶ 1 and 2. Petitioner requested an evidentiary hearing in his Traverse (ECF No. 5).

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

## III. Law & Analysis

Petitioner's application is subject to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

---

[1](...continued)
2006) (per curiam)).

In *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), the Court of Appeals for the Sixth Circuit held that the statute of limitations does not start to run until direct review of a new sentence issued on resentencing is complete. *Id.* at 568-69; *see also* *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) ("Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'") (emphasis in original). Petitioner was resentenced by the Common Pleas Court on January 9, 2009. ECF No. 4-6. Varholick had 30 days or until February 9, 2009[2] to appeal from the resentencing. *See* Ohio App. R. 4(A). However, Petitioner did not appeal from the January 9, 2009 Resentencing Journal Entry. *See* Docket (ECF No. 4-3). Therefore, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (28 U.S.C. § 2244(d)(1)(A)) was 30 days later, *i.e.*, February 9, 2009, and the AEDPA statute of limitations began running on February 10, 2009.

Petitioner had one year from February 9, 2009 in which to file his federal habeas corpus petition. The period ran for 169 days until July 28, 2009, when the trial court found that Varholick had violated his community control sanctions and returned him to prison to serve his original 30-month term. *See* ECF No. 4-7. At that point there remained 196 days on the one-year habeas period (365–169=196). The period re-commenced running, at best, 30 days after

---

[2] Sunday, February 8, 2009, is 30 days from January 9, 2009, making Monday, February 9, 2009, the day on which the notice of appeal would have been due. *See* Ohio App. R. 14.

the appeal period expired for the violation judgment (and assuming *arguendo* the event tolled the limitations period) on August 27, 2009. The remaining 196 days expired on March 11, 2010.

The intervening motion to correct sentence, filed on April 22, 2010, tolls nothing because the one-year limitations period had expired by that point in time. The tolling provision of 28 U.S.C. § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Baublitz v. Hoffner*, No. 14-10768, 2015 WL 400910, at * 3 (E.D. Mich. Jan. 28, 2015) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998). Varholick's motion to correct improper sentence and subsequent appeal from the trial court's decision on his motion did not revive the limitations period or re-start the clock at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid*, 991 F.Supp. at 259); *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).

Petitioner filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) on or about December 26, 2011. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred. Varholick, however, makes no demonstration of statutory or equitable tolling.

**IV. Conclusion**

Plaintiff's Objections (ECF No. 7) are overruled and the Report and Recommendation (ECF No. 6) of the Magistrate Judge is hereby adopted, but with a calculation of the statute of limitations different than that stated by the magistrate judge. James Varholick's Petition for a

Writ of Habeas Corpus is dismissed as barred by 28 U.S.C. § 2244's statute of limitations. Petitioner's request for an evidentiary hearing is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

February 27, 2015
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge